## WILLIAM HARPER v. THE ERIE RAILWAY COMPANY.

1. When in an action, brought for damages against a railway company, it appears from the evidence that the plaintiff has been guilty of great imprudence, which was, at least, one of the proximate causes of the evil which befel him, the law does not afford any compensation for the damages which have resulted.

2. In such case, the question of the existence of negligence in the conduct of the defendants becomes wholly immaterial, and the plaintiff may properly be nonsuited.

On case certified.

This cause was tried before Mr. Justice Bedle, at the

Passaic circuit.   Upon the conclusion of the plaintiff's case, a non-suit was ordered, and the case certified for the advisory opinion of this court.   The object of the suit was the recovery of damages alleged to have been sustained by the plaintiff while a passenger in the cars of the defendant.   The facts proved by the plaintiff were, in substance, as follows, viz., that on the day in question, the plaintiff, intending to go to Jersey City, entered the depot of the defendant in Paterson; that he walked along the platform at the north end of the depot, and approached the train, which was standing at a right angle to this platform; that at this time the body of the train was in the depot; that at this north end of the depot there was a door shutting in that part of the platform usually occupied by the trains when within the depot, but at the moment of the plaintiff's arrival the train had backed to the north, beyond this door, for the purpose of having other cars attached to it; that the post of the door just mentioned, stood on the platform within about eight inches of the interior line of the cars on the track; that as the plaintiff approached, the train commenced to move; that the plaintiff got on the cars while they were in motion; that he did this outside of the space enclosed by the door, and within about eight feet of it; that when he got upon the lowest step of the car there was a person in front of him, so that he was prevented from passing immediately further in, and his body projecting more than eight inches outside of the exterior line of the cars, was caught between the post of the door upon the platform and the cars, and was severely crushed.   This was the injury complained of, and upon which this action was founded.

The case was heard before the CHIEF JUSTICE, and Justices ELMER, HAINES, and BEDLE.

For the plaintiff, *John S. Barkalow.*

For the defendant, *I. W. Scudder.*

The opinion of the court was delivered by the

CHIEF JUSTICE. · In order to entitle the plaintiff, in a case like the present, to go to the jury, it is necessary that from his own showing it should not appear that the injury complained of was occasioned, in any material degree, by his own want of ordinary care. If the facts presented on the part of the plaintiff are such that the jury cannot reasonably infer from them that·his conduct was not, in a legal sense, contributory to the production of the damage sustained by him, a non-suit becomes proper, as the proof, in such event, has failed to show a legal cause of action. Were the circumstances such, then, 'in this case, that an inference in favor of the plaintiff's prudence, to such a degree as the law enacts, would have been, in the exercise of a discreet judgment, justifiable? I cannot agree to the affirmative of this proposition. In my estimation the conduct of the plaintiff, on the occasion under consideration, was not only uncharacterized by that display of caution to be expected of a person in his situation, but it was marked throughout by the most lamentable rashness. It is obvious that he entered the cars at an improper point, the enclosed space between the doors at the north and south ends of the platform being evidently appropriated for that purpose. When he got upon the step of the car there was a person in front of him, and he could not be unaware that his ability to move further inward was altogether dependent on the movement of this person. At this point of time, when he placed himself in a position so entirely precarious, the train was in motion, and he was within eight feet of the post, which was in open sight. Nor was the plaintiff a stranger to the construction and arrangement of this depot. He was in the habit of going almost daily in these trains, and he admitted he knew of the post being there; but he says he did not suppose it was as close to the line of the cars as it proved to be. But it was obvious the space between the outside of the cars and this impediment was narrow, and into this space the plaintiff chose to risk his person. It is impossible to regard this act

as an exhibition of ordinary prudence. Whether he could pass further than the first step of the car was uncertain, because of the person before him; whether, if he remained on the lowest step of the car, he could pass the post without being crushed, was uncertain, for he admits he knew the post was there, but says he did not know exactly how near it was to the edge of the platform. The risk was both great and obvious, and the plaintiff, when in an unguarded moment he subjected himself to it, committed an act of great imprudence; and this act was, at least, one of the proximate causes of the evil which befel him. Under these circumstances the law does not afford any compensation for the damages which have resulted, and the question upon the point of the existence of negligence in the conduct of the defendant, becomes wholly unimportant.

The nonsuit was proper, and the Circuit Court should be so advised.

CITED in *New Jersey Express Co.* v. *Nichols*, 4 *Vroom* 434; *Bonnell* v. *Del., Lack. & West. R. R. Co.*, 10 *Vroom* 192.